UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HOLLIS CARE GROUP INC., et al.,                        :
                                                       :
                                Plaintiffs,            :
                                                       :           19-CV-5695 (JMF)
                -v-                                    :
                                                       :           ORDER
SMALL BUSINESS ADMINISTRATION, et al.,                 :
                                                       :
                                Defendants.            :
                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendants in this case have moved to dismiss on the ground that the Court lacks subject-matter jurisdiction, an argument that appears to turn in part on whether Plaintiffs' claims "are cognizable under section 1346(b)" of Title 28 of the United States Code. 28 U.S.C. § 2679(a). A claim is "cognizable" under Section 1346(b) "if it is actionable under § 1346(b)," which is the case only where, among other things, "the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). As the Second Circuit has summarized it: "[F]or liability to arise under [28 U.S.C. § 1346(b)], a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (internal quotation marks and citation omitted).

      No later than **March 10, 2020**, the parties shall submit supplemental memoranda of law, not to exceed seven pages for each side, addressing (1) whether each of Plaintiffs' claims in this case is comparable to a cause of action against a private citizen recognized in New York State; and (2) if not, what bearing that has on the motion to dismiss. To the extent that Defendants take the position that Plaintiffs' allegations, taken as true, satisfy the necessary elements of a cause of action under New York State law, they should explain how that position squares with their alternative argument that Plaintiffs' claims should be dismissed for failure to state a claim. *See* Defs.' Mem. (ECF No. 35), at 14-16.

      SO ORDERED.

Dated: February 25, 2020
       New York, New York
                                                             JESSE M. FURMAN
                                                        United States District Judge