UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
   :
HOLLIS CARE GROUP, INC., et al.,   :
   :
                                          Plaintiffs,   :
   :        19-CV-5695 (JMF)
                                            -v-   :
   :        MEMORANDUM
SMALL BUSINESS ADMINISTRATION, et al.,   :       OPINION AND ORDER
   :
                                        Defendants.   :
   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In this lawsuit, Plaintiffs Hollis Care Group, Inc., Medi-System Renal Care Management LLC, Jacques Antoine, M.D., and Garaudy Antoine, M.D., MBA bring claims against the United States, the Small Business Administration ("SBA"), and Linda McMahon, solely in her capacity as the Administrator of the SBA. Plaintiffs' pleadings are far from models of clarity, but their claims appear to arise from the SBA's role in guaranteeing a loan that Plaintiffs obtained from Community National Bank. *See* ECF No. 33 ("Am. Compl."), at ¶¶ 2, 15-49; ECF No. 37-11 ("Pls.' Opp."), at 2-5.[1] Liberally construed, their complaint alleges three species of claims, all of which sound in tort: claims for fraud, negligent supervision, and negligent failure to investigate and uncover fraud. *See* Am. Compl. ¶¶ 37-49; Pls.' Opp. 1, 7-9; ECF No. 40 ("Pls.' Supp."), at 4-6; ECF No. 41 ("Defs.' Supp."), at 2. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss. ECF No. 34. They argue, among other things, that the Court lacks subject-matter jurisdiction because Plaintiffs did not exhaust their administrative

---

[1] Plaintiffs initiated this suit in state court and also brought claims against a vice president of Community National Bank. *See* ECF No. 1-1, at 3-15. On May 31, 2019, the state court dismissed the complaint against the non-government defendant, and Defendants here later removed the suit to this Court. *See* ECF No. 1-2, at 10; ECF No. 3.

remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80; and, in any event, that Plaintiffs fail to state a claim. ECF No. 35 ("Defs.' Mem."), at 7-9, 14-16; ECF No. 38 ("Defs.' Reply"), at 2-4, 8-9; Defs.' Supp. 2-7.

The doctrine of sovereign immunity — which is jurisdictional in nature — bars federal courts from hearing suits against the federal government, including suits against its agencies and its officers in their official capacities, except where sovereign immunity has been waived. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007); *see also, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Here, two statutes are relevant to the analysis. First, 15 U.S.C. § 634(b)(1) provides that, "[i]n the performance of, and with respect to, the functions, powers, and duties vested in him," the Administrator of the SBA may "sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy." Second, the FTCA provides for a limited waiver of sovereign immunity for certain tort claims for damages arising from the conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Significantly, the FTCA provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." *Id.* § 2679(a).

Thus, the threshold question for the Court is whether Plaintiffs' claims are "cognizable under" Section 1346(b), which provides in relevant part that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). If Plaintiffs' claims are "cognizable under" Section 1346(b), two consequences follow. First, their claims against the SBA and Administrator McMahon would have to be dismissed because "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). And second, the Court would lack subject-matter jurisdiction because Plaintiffs fail to allege that they exhausted their administrative remedies before filing suit, as required by the FTCA — and indeed, the record confirms that they did not exhaust their administrative remedies. *See* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (noting that exhaustion of administrative remedies under the FTCA "is jurisdictional and cannot be waived"); *see also* Declaration of Eric S. Benderson, Associate General Counsel for Litigation at the SBA, ECF No. 35-1, at ¶¶ 3-4 (attesting that "[t]here is no record that any FTCA claim was presented to SBA by [Plaintiffs], or anyone acting on their behalf").[2]

---

[2] In reviewing a motion to dismiss for lack of subject-matter jurisdiction, a court "may consider affidavits and other materials beyond the pleadings." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Whether Plaintiffs' claims in this case are "cognizable under" Section 1346(b) turns on whether they satisfy the "private analogue" requirement — that is, whether they occurred "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (internal quotation marks omitted); 28 U.S.C. § 1346(b)(1). As the Second Circuit has explained, that requirement "asks whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *McGowan*, 825 F.3d at 125 (internal quotation marks omitted); *see United States v. Olson,* 546 U.S. 43, 46 (2005) ("[T]he Act require[s] a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability under the FTCA [even] in the performance of activities which private persons do not perform." (internal quotation marks omitted)). More specifically, for the requirement to be satisfied, "a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (internal quotation marks and citation omitted).

In light of those standards, all of Plaintiffs' claims must be dismissed. With respect to Plaintiffs' first two claims — for fraud and negligent supervision — it is not entirely clear whether their "allegations, taken as true, . . . satisfy the necessary elements" under New York law. *Id.* If they do, however, they are cognizable under Section 1346(b), and thus fall within the scope of the FTCA, because there are causes of action for fraud and negligent supervision under New York law. *See, e.g.*, *Pasternack v. Lab. Corp. of Am. Holdings*, 59 N.E.3d 485, 491 (N.Y. 2016); *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 94 (2d Cir. 2011).

4

And if they do not, then by definition Plaintiffs fail to state a claim for fraud or negligent supervision. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, to state a claim, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Plaintiffs' third claim — for negligent failure to investigate and uncover fraud — is more straightforward, if only because it has no state-law analogue, let alone a state-law analogue that would apply to a "private person." 28 U.S.C. § 1346(b)(1); *cf. Jones v. FBI*, No. 6:19-CV-6752 (MAT), 2019 WL 5550520, at *4 (W.D.N.Y. Oct. 28, 2019) (stating, as to law enforcement agencies, that "New York does not recognize a cause[] of action for negligent investigation or prosecution"). Thus, the Court has subject-matter jurisdiction to entertain Plaintiffs' third claim under 15 U.S.C. § 634(b)(1). But the fact that such a claim does not exist under New York law also means that Plaintiffs fail to state a claim under state law. Nor do they have a claim under federal law, which provides that the Administrator of the SBA "may . . . make such investigations as [s]he deems necessary," not that she *must* do so, 15 U.S.C. § 634(b)(11), and is likely not enforceable through a private action anyway, *see, e.g.*, *Suter v. Artist M.*, 503 U.S. 347, 363 (1992); Defs.' Supp. 6-7. In any event, to the extent either New York or federal law does provide a valid cause of action, Plaintiffs would fail to state a claim because they do not plausibly allege that the SBA actually failed to investigate any alleged fraud. To the contrary, Plaintiffs expressly allege that the SBA "investigated over a two-year period." Am. Compl. ¶ 39.

      In sum, one way or another, Plaintiffs' claims must be dismissed. To the extent they are "cognizable under" Section 1346(b), the Court lacks subject-matter jurisdiction to entertain them because Plaintiffs failed to exhaust their administrative remedies before filing suit. And to the extent they are not, they fail to state a plausible claim. Accordingly, Defendants'

motion to dismiss is GRANTED for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, and Plaintiffs' complaint is dismissed in its entirety. The Court need not and does not consider Defendants' other arguments for dismissal.

The Clerk of Court is directed to terminate ECF No. 34 and to close the case.

SO ORDERED.

Dated: May 18, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge